NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDRE M. DAVIS, | : | |
| Petitioner, | : | Civ. No. 19-8912 (CCC) |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

Petitioner Andre M. Davis ("Petitioner"), an inmate at New Jersey State Prison, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner contends that his state and federal sentences should have run concurrently, and that the Bureau of Prisons ("BOP") was not counting the service of his state sentence towards his federal sentence, as it should have. *Id.* at 6. Petitioner seeks to be transferred from state to federal custody and to serve his state and federal sentences concurrently while in federal custody. *Id.* at 7. Before the Court are (1) the Government's request to dismiss the case as moot (ECF No. 19), and (2) Petitioner's motion for summary judgment (ECF Nos. 22-23, 25). For the reasons discussed below, the petition will be dismissed as moot and a certificate of appealability shall not issue, and the motion for summary judgment will be denied as moot.

On February 9, 2021, this Court issued an amended judgment of conviction in Petitioner's underlying criminal matter, making it clear that his federal sentence was to run concurrent to his state sentence, and that his current (state) prison was to be designated as the prison in which he was to serve the term of imprisonment imposed in his federal sentence. *United States v. Davis*, Crim. No. 17-cr-00516 (D.N.J. 2017), at ECF No. 30. After amending Petitioner's judgment of

conviction, the Court ordered the Government to submit a supplemental answer in this action addressing whether the amended judgment of conviction rendered this matter moot. ECF No. 18.

In response, the Government advised the Court that the BOP had recalculated Petitioner's sentence and, as a result, he "served his full federal sentence and was released from his federal sentence on March 12, 2021 having completed it in concurrence with service of his ongoing New Jersey state sentence and while in state custody." ECF No. 19 at 2, 4 (Declaration of Ondreya Barksdale), 6–8 (Public Information Data Report reflecting release date of March 12, 2021). The Government contends that the petition is therefore moot. In response, Petitioner moved for summary judgment, arguing that his petition is not moot because serving his federal sentence in state prison denied him the opportunity to participate in a specialized mental health program available in federal prison. ECF No. 22 at 3. He seeks "immediate release from prison and placement into a mental health program."[1] *Id.* at 4.

Section 2241 confers jurisdiction on district courts to consider a habeas petition filed by a federal prisoner "challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). However, federal courts are restricted to adjudicating

---

[1] In a "supplemental brief" to his motion for summary judgment, Petitioner raises arguments related to the modification of his state court judgments of conviction and resulting re-calculation of his state court sentence arising out of a December 5, 2022, grant of his state petition for post-conviction relief ("PCR"). ECF No. 23 at 3–5. Petitioner filed the PCR petition on June 4, 2021, more than two years after he filed the instant § 2241 petition. He argues in his supplemental brief that the effect of the modification to the state judgments of conviction deprived him of good time credits and work credits he has already earned. *Id.* at 3. Petitioner appears to be pursuing this claim via a motion to clarify sentence that he filed in state court on August 3, 2022. *Id.* at 4. To the extent Petitioner requests relief on his deprivation-of-credits claim from this Court pursuant to his § 2241 petition, the request is denied. Putting aside that Petitioner raises this challenge nearly four years after filing his habeas petition, a § 2241 petition is not the proper vehicle to raise such a challenge. "A prisoner challenging either the validity or execution of his state court sentence . . . may not proceed under § 2241," but rather, "must rely on the more specific provisions of § 2254." *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (per curiam) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)); *see also id.* ("Here, DeVaughn challenges the execution of his state sentence, *i.e.*, the forfeiture of his good time credits. Accordingly, he must proceed under § 2254, not § 2241."). If Petitioner elects to file a § 2254 petition, he must use the proper § 2254 form and file it as a new case.

"actual, ongoing cases or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001).  "If developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 2001).

As noted above, after Petitioner filed this § 2241 petition, this Court amended the judgment of conviction to clarify that his federal sentence was to run concurrent to his state sentence.  The BOP then recalculated Petitioner's federal sentence, which was completed on March 12, 2021.  Petitioner, therefore, received the relief he seeks in his § 2241 petition—*i.e.*, for his federal and state sentences to run concurrently—and there is nothing more for this Court to remedy.  *See Spencer v. Kenma*, 523 U.S. 1, 18 ("Mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Accordingly, the Court will dismiss Petitioner's § 2241 petition as moot and, in light of the dismissal, deny his motion for summary judgment as moot.  *See*, *e.g.*, *Cordero v. Zickefoose*, No. 11-3753, 2011 WL 6944909, at *4 (D.N.J. Dec. 30, 2011) (dismissing as moot § 2241 petition seeking credit toward his federal sentence because the BOP had provided the petitioner the relief sought); *Lewis v. Ndiaye*, No. CV 21-15027, 2021 WL 5918472, at *1 (D.N.J. Dec. 14, 2021) ("Petitioner's motions shall be denied as moot in light of the dismissal of his petition."); *Lee v. Gilmore*, No. 15-212, 2015 WL 3442081, at *3 (W.D. Pa. May 28, 2015) ("Because there is no further relief which Lee can gain from this Court . . . Lee's petition will be dismissed and his motion for summary judgment will be dismissed moot.").

Finally, to the extent a certificate of appealability is required, the Court will decline to issue one because reasonable jurists would not disagree that the § 2241 petition and motion for summary judgment are moot. *See* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, IT IS on this 27th day of July, 2023,

**ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED**; and it is further

**ORDERED** that Petitioner's motion for summary judgment (ECF No. 22) is **DENIED** as moot; and it is further

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall close this case.

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**